**James P. O'Brien**
O'Brien Law Office, P.C.
212 West Spruce Street
P.O. Box 7936
Missoula, Montana 59807-7936
Telephone: (406) 721-0660
jpoblaw@yahoo.com

FILED SEP 2 6 2014

SHIRLEY E. FAUST, CLERK
By_____
Deputy

**Douglas D. Harris**
DOUGLAS HARRIS LAW OFFICES
Attorney at Law
322 West Spruce Street
P.O. Box 7937
Missoula, Montana 59807-7937
Telephone:  (406) 549-5176
Fax:  (406) 549-5177
sprucelaw@blackfoot.net

**ATTORNEYS FOR PLAINTIFF KRISTINA M. KEYS**

**Jeffrey W. Dahood**
KNIGHT & DAHOOD
Attorney at Law
113 East 3rd Street
P.O. Box 727
Anaconda, Montana 59711
Telephone: (406) 563-3242
jdahood@kdesdlaw.com

**ATTORNEYS FOR PLAINTIFF JOHN JEWELL**

**MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY**

| | |
|---|---|
| KRISTINA M. KEYS and JOHN JEWELL,<br><br>    Plaintiffs,<br><br>    v.<br><br>WESTERN MONTANA MENTAL HEALTH CENTER, COMMUNITY COUNSELING & CORRECTIONAL SERVICES, INC., MONTANA DEPARTMENT OF CORRECTIONS, DIVISION OF COMMUNITY CORRECTIONS, JOHN SMITHS 1-5 AND 6-10, AND ENTITIES A, B, AND C,<br><br>    Defendants. | Dept. No. 1<br><br>Cause No. DV-14-370<br><br><br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

ORIGINAL

5.5

1  COME NOW, the Plaintiffs, above-named, and claim and allege as
2  follows:

### FACTS APPLICABLE TO ALL COUNTS

1. KRISTINA M. KEYS is a resident of Powell County, Montana. At all times pertinent, KRISTINA M. KEYS was a patient, client, and customer of WESTERN MONTANA MENTAL HEALTH CENTER (hereinafter WMMHC). JOHN JEWELL, at all times relevant to the facts of this matter, is the husband of KRISTINA M. KEYS. Due to the circumstances of this matter, the parties are separated and JOHN JEWELL is the Petitioner in a Dissolution of Marriage matter filed in the Powell County District Court.

2. Defendant WMMHC is a Montana corporation that has its management offices and principal place of business in Missoula County, Montana and WMMHC does business in Silver Bow, Deer Lodge, Powell and Missoula Counties, among other Montana Counties.

3. Defendant COMMUNITY, COUNSELING AND CORRECTIONAL SERVICES, INC. (hereinafter CCCS) is a Montana corporation with its principal place of business in Butte-Silver Bow County, Montana. CCCS operates the Butte Pre-Release Center which is a community-based residential facility for adult male offenders.

4. John Smith 1 is a pseudonym used within this *Complaint* for reason that the facts of this action include confidential criminal justice information for which John Doe has not yet been served.

5. John Smiths 2-5 and John Smiths 6-10 are as yet unidentified individuals who may bear personal liability to Plaintiffs for the acts and incidents pleaded in this *Complaint*.

6. The Department of Corrections is a political subdivision of the state of Montana. The acts of negligence alleged here took place through the

1  Department of Corrections, Division of Community Corrections, though
2  various subdivisions which include the Probation and Parole Bureau,
3  the Connections Corrections Program and the Adult Pre-release Unit
4  and may include as yet unidentified acting on behalf of these identified
5  political subdivisions of the State of Montana.

6  7. On or about August 12, 2012, KRISTINA M. KEYS, while suffering from
7     a suicide attempt, required emergency services with the Hays Morris
8     House in Butte, Montana, a licensed mental health care facility owned
9     and operated by Western Montana Mental Health Center, Inc.

10 8. The Hays Morris House provides crisis stabilization through a 24-hour
11    monitoring for persons suffering from a mental health crisis, while also
12    offering a safe environment for medication changes in a therapeutic
13    setting.  John Smith 1 was an employee of WMMHC and he was
14    allowed by WMMHC to have access to KRISTINA M. KEYS during her
15    residency at Hays Morris House.

16 9. At the time of KRISTINA M. KEYS' admissions to the Hays Morris
17    House, WMMHC employed John Smith 1 as its employee in the position
18    of crisis intervention.

19 10. KRISTINA M. KEYS was released from Hays Morris House and returned
20     to her home in Deer Lodge, Montana on or about September 11, 2012.

21 11. Following KRISTINA M. KEYS' release from the Hay Morris facility and
22     during August and September, 2012, John Smith 1 maintained contact
23     with KRISTINA M. KEYS as her crisis intervention point of contact and
24     he provided KRISTINA M. KEYS his personal cell phone number.

25 12. On or about October 10, 2012, Christopher Brock Marez came to
26     KRISTINA M. KEYS' residence for a welfare check. There he sat down
27     for supper with KRISTINA M. KEYS and family. Thereafter, Christopher
28     Brock Marez told KRISTINA M. KEYS that they had to speak alone, and

1  he took KRISTINA M. KEYS in his vehicle and drove onto a rural road
2  south of Deer Lodge to a place where he assaulted her and forced
3  upon her violent sexual intercourse without consent.

4  13.  At all times pertinent hereto, Christopher Brock Marez was in the legal
5  custody of the Department of Corrections, State of Montana.

6  **COUNT 1**

7  14.  Plaintiff realleges each and every allegation of ¶¶ 1-13 above as
8  though fully incorporated herein.

9  15.  WMMHC through its management and employees breached its duty of
10  care to reasonably investigate, screen, select, place, train, and
11  supervise John Smith 1 by negligently: (1) failing to screen John Smith
12  1 for patient safety; (2) failing to provide sufficient staff supervision of
13  its inmates to protect KRISTINA M. KEYS and other mental health
14  patients from violent and sexual predation; (3) failing to follow
15  reasonable safety procedures; (4) failing to provide necessary and
16  appropriate security measures to insure its inmates did not have
17  personal contact with patients; (5) failing to develop and implement a
18  system and corresponding plan for inmates employed by WMMHC to
19  prevent violent and sexual predation with patients; (6) failing to
20  properly monitor its inmates to prevent violent and sexual predation by
21  staff upon patients; and, (7) failing to provide necessary and
22  appropriate personnel to insure for the safety, welfare, and protection
23  of KRISTINA M. KEYS and other female mental health patients.

24  16.  As a consequence of the WMMHC actions, KRISTINA M. KEYS was
25  raped by John Smith 1 and she suffered physical and emotional
26  injuries, emotional distress and deprivation of her constitutional rights.

27  **COUNT II**

28  17.  Plaintiff realleges each and every allegation of ¶¶ 1-17 above as

though fully incorporated herein.

18. That WMMHC breached the standard of care for licensed health care facilities by:

    a. employing convicted violent offenders as crisis intervention employees with access to female patients suffering mental health crises;

    b. employing inadequately vetted or investigated convicted violent offenders as crisis intervention employees with unsupervised access to female patients suffering mental health crises

    c. employing convicted violent offenders without confirming their Level Designation pursuant to Montana State law as crisis intervention employees with access to female mental health patients;

    d. violating safety standards for a Montana employer whose employees have access to a female population of clients and patients.

19. As a result of the WMMHC violation in the standard of care, KRISTINA M. KEYS has been damaged in amounts to be hereinafter specified and proved at time of trial.

## COUNT III

20. Plaintiff realleges each and every allegation of ¶¶ 1-20 above as though fully incorporated herein.

21. WMMHC and its officers, agents, assistants and employees individually and collectively and with actual malice acted with deliberate indifference to a substantial risk of harm to health or safety toward KRISTINA M. KEYS as a client by allowing its employee John Smith's access to her in the following respects:

    a. allowing its employee subject to confinement to have contact

1      with KRISTINA M. KEYS;

2      b.    allowing John Smith 1 as an employee who the WMMHC knew
3          was predisposed to sexual misconduct, access to female mental
4          health patients when they knew or should have known: (1) that
5          these employment practices made it highly foreseeable that such
6          employees would violate violently and sexually; and (2)
7          WMMHC's provisions for such employees were insufficient to
8          prevent such abuse and to rescue their clients if such attacks
9          occurred.

10 22.   In addition, WMMHC and its officers and employees and with actual
11      malice were deliberately indifferent by failing to train its staff, including
12      John Smith 1, to prevent violent and sexual abuse committed by
13      inmates when WMMHC knew, based on prior experience:

14      a.    that this practice made it highly foreseeable that some violent
15          offender employees would violently and sexually abuse WMMHC
16          patients; and

17      b.    that the procedures and policies regulating contact between
18          patients and its employees were insufficient to prevent such
19          violent and sexual abuses and inadequate to rescue patients
20          when violent and sexual abuses occurred.

21 23.   As a result of the above conduct, KRISTINA M. KEYS suffered damages
22      in an amount to be hereinafter specified and proved at time of trial.

23 24.   That all conduct of WMMHC as above described was actually malicious
24      as actual malice is defined in law, entitling KRISTINA M. KEYS to
25      punitive damages.

26                          **COUNT IV**

27 25.   Plaintiff realleges each and every allegation of ¶¶ 1-24 above as
28      though fully incorporated herein.

26. WMMHC provides case management services that include assessing the consumer's mental status, monitoring the consumer's ability to function in the community, planning treatment goals and future needs, and linking the consumer to community resources.

27. WMMHC advertises its primary services that assist consumers to achieve their highest quality of life in a relationship of mutual respect, dignity and empowerment and to regain control of their lives despite any mental health disability.

28. WMMHC committed deceptive and unfair acts in providing its services to KRISTINA M. KEYS by failing to properly screen, by hiring and retaining John Smith 1, a convicted offender, without proper safeguards in place for KRISTINA M. KEYS, and omitting to tell KRISTINA M. KEYS that her crisis intervention worker is a violent offender without level designation.

29. KRISTINA M. KEYS reasonably relied upon WMMHC to safely provide for her.

30. As a result of KRISTINA M. KEYS' reasonable reliance that WMMCH would safely provide for her, and that she was in safe hands as a mental health patient, KRISTINA M. KEYS was violated by an unfit agent of WMMHC and damaged in amounts to be hereinafter specified and proved at time of trial.

## COUNT V

31. Plaintiff realleges each and every allegation of ¶¶ 1-30 above as though fully incorporated herein.

32. CCCS through its management and employees breached its duty of care to reasonably supervise John Smith 1 by negligently: (1) failing to screen John Smith 1 for patient safety; (2) failing to provide sufficient staff supervision of its employees to protect KRISTINA M. KEYS and

other female mental health patients from violent and sexual predation; (3) failing to follow reasonable safety procedures; (4) failing to provide necessary and appropriate security measures to insure its employees did not have personal contact with patients; (5) failing to develop and implement any reasonable system for inmates employed by WMMHC to prevent violent and sexual predation with patients; (6) failing to properly monitor its inmates so as to prevent violent and sexual predation upon patients; and, (7) failing to provide necessary and appropriate personnel to insure for the safety, welfare, and protection of KRISTINA M. KEYS and other WMMHC patients.

33. As a consequence of the CCCS actions, KRISTINA M. KEYS suffered physical and emotional injuries, severe emotional distress and violation of her constitutional rights

## COUNT VI

34. Plaintiff JOHN JEWELL by reason of the injuries and damages suffered by his wife KRISTINA M. KEYS as pleaded in Counts I, II, III and IV, has suffered a loss of consortium for which he claims damages against the Defendants.

35. Due to the multiple breaches of duties, negligence, and actual malice of the Defendants, Plaintiffs have suffered emotional distress and a loss of each Plaintiff's consortium to the point that JOHN JEWELL has filed a Petition for Dissolution of the parties' marriage which KRISTINA M. KEYS has acknowledged and they have both entered into and executed their Final Parenting Plan.

## COUNT VII

36. Plaintiffs reallege each and every allegation of ¶¶ 1-35 above as though fully incorporated herein.

37. CCCS and its officers, agents, assistants and employees individually

and collectively and with actual malice acted with deliberate indifference to a substantial risk of harm to health or safety toward KRISTINA M. KEYS  JOHN JEWELL in the following respects:

a.  accepting John Smith 1, known to be violent offender, into its adult correction program;

b.  placing John Smith 1 into the situation where he violently and sexually abused KRISTINA M. KEYS;

c.  allowing John Smith 1, who CCCS knew was predisposed to violent offenses, access to female mental health patients when it knew or should have known: (1) that John Smith 1 as a violent offender without level designation was a danger who could re-offend; and (2) CCCS provisions for such placement were insufficient to protect female mental health patients.

38.  In addition, CCCS and its officers and employees and with actual malice were deliberately indifferent in failing to supervise John Smith 1, so as not to offend in a situation where offense was a public threat in that:

a.  undesignated violent offenders can re-offend; and

b.   that the procedures and policies regulating inmate contact with female mental health patients was insufficient to prevent violent and sexual abuse.

39.  As a result of the above conduct, KRISTINA M. KEYS was raped and suffered physical injuries.  Further, KRISTINA M. KEYS and JOHN JEWELL suffered emotional injuries, severe emotional distress and violation of their constitutional rights in amounts to be hereinafter specified and proved at time of trial.

40.  That all conduct of CCCS as above described was conducted with actual malice, entitling KRISTINA M. KEYS and JOHN JEWELL to

1 punitive damages, equally, share and share alike.

2

3 **COUNT VIII**

4 41. Plaintiff realleges each and every allegation of ¶¶ 1-40 above as

5 though fully incorporated herein.

6 42. In December of 2008, the state charged Mr. Marez with failure to

7 register as an offender. Mr. Marez was found guilty of the charge on

8 April 16, 2009 and received a two year sentence. Prior to completing

9 his sentence, Mr. Marez received a second conviction and received

10 another sentence for an additional five years.

11 43. As of the date of this filing Christopher Marez is currently residing at

12 the Butte Pre-Release Center.

13 44. The Department of Corrections through the Adult Probation and Parole

14 Bureau and Community Corrections Program through its officers,

15 agents, assistants, and employees individually and collectively failed to

16 act with ordinary care and were deliberately indifferent to a substantial

17 risk of harm to health or safety toward KRISTINA M. KEYS and JOHN

18 JEWELL in the following respects:

19 a. failure to classify Christopher Marez as a violent offender or to

20 designate Christopher Marez as a special needs offender;

21 b. failure to comply with its duty to insure an appropriate DOC

22 Discharge Report for the transfer of Christopher Marez from

23 Montana State Prison to Community Corrections and Counseling

24 Services;

25 c. authorizing the transfer of John Smith 1 into its adult correction

26 program without a violent offender registration;

27 d. failing to classify John Smith 1 as a violent offender;

28 e. authorizing transfer of John Smith 1 into a community-based

1    program without offender designation;

2    f.    authorizing transfer of John Smith 1 into a community-based
3          program ill-equipped to house or treat John Smith without undue
4          risk to the public in general and the plaintiffs in particular;

5    g.    authorizing John Smith 1, who DOC knew or should have known
6          was predisposed to violent offenses, access to female mental
7          health patients in employment as an inmate and/or resident of
8          the Butte Pre-Release Center while aware: (1) John Smith 1 as
9          a violent offender without level designation was a danger who
10         could offend; and (2) CCCS provision for such placement were
11         insufficient to protect female mental health patients.

12   45.   As a result of the above conduct, KRISTINA M. KEYS was assaulted
13         and raped and suffered physical injuries. Further, KRISTINA M. KEYS
14         and JOHN JEWELL suffered emotional injuries, severe emotional
15         distress and violation of their constitutional rights in amounts to be
16         hereinafter specified and proved at time of trial.

17   46.   That all conduct of the Department of Corrections as above described
18         was conducted with actual malice, entitling KRISTINA M. KEYS and
19         JOHN JEWELL to punitive damages, equally, share and share alike.

20                            **PRAYER FOR RELIEF**

21         WHEREFORE, Plaintiffs KRISTINA M. KEYS and JOHN JEWELL pray for
22   the following relief against all the Defendants:

23   1.    Reasonable, special and general compensatory damages, in the
24         discretion of the jury, in amounts to be hereinafter specified and
25         proved at time of trial;

26   2.    Treble damages as provided by the Montana Consumer Protection Act,
27         in amounts to be hereinafter specified and proved at time of trial.

28   3.    Punitive damages, in the discretion of the jury, in amounts to be

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL                    PAGE 11 OF 13

1  hereinafter specified and proved at time of trial;

2  4.  Attorney's fees and costs; and,

3  5.  For other and further relief as is just, proper and equitable in this case.

4  DATED this 25th day of September, 2014.

5  DOUGLAS HARRIS LAW OFFICES

6

7  By: _____
     **Douglas D. Harris**
8

   DATED this 25th day of September, 2014.
9

10  O'BRIEN LAW OFFICE, P.C.

11  By: _____
     **James P. O'Brien**
12  *ATTORNEYS FOR PLAINTIFF*
     *KRISTINA M. KEYS*
13

   DATED this 25th day of September, 2014.
14

15  KNIGHT & DAHOOD

16  By: _____
     **Jeffrey W. Dahood**
17  *ATTORNEY FOR PLAINTIFF*
     *JOHN JEWELL*
18

19

20

21

22

23

24

25

26

27

28  ///                                                    ///

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs hereby demand trial by jury of all the issues of fact in this

3   case.

4      DATED this 25 day of September, 2014.

5                                    DOUGLAS HARRIS LAW OFFICES

6

7                             By: _____

8                                    **Douglas D. Harris**

      DATED this 26 day of September, 2014.

9                                    O'BRIEN LAW OFFICE, P.C.

10

11                            By: _____

12                                   **James P. O'Brien**
                                     *ATTORNEYS FOR PLAINTIFF*
13                                   *KRISTINA M. KEYS*

14     DATED this 26 day of September, 2014.

15                                   KNIGHT & DAHOOD

16                            By: _____

17                                   **Jeffrey W. Dahood**
                                     *ATTORNEY FOR PLAINTIFF*
18                                   *JOHN JEWELL*

19

20

21

22

23

24

25

26

27

28

AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL                    PAGE 13 OF 13