WILLIAMS LAW FIRM, P.C.
Mark S. Williams, Esq.
Susan Moriarity Miltko, Esq.
235 E. Pine, P.O. Box 9440
Missoula, MT 59807-9440
(406) 721-4350  Fax: (406) 721-6037
mark@wmslaw.com
susan@wmslaw.com
*Attorneys for Defendants*



FILED OCT 20 2013

## MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY

| | |
|---|---|
| KRISTINA M. KEYS and JOHN JEWELL,<br><br>Plaintiffs,<br><br>-vs-<br><br>WESTERN MONTANA MENTAL HEALTH CENTER, COMMUNITY COUNSELING & CORRECTIONAL SERVICES, INC., JOHN SMITHS 1-5 AND 6-10, AND ENTITIES A, B AND C,<br><br>Defendants. | Hon. Ed McLean, Dept. 1<br>CAUSE NO. DV 4-370<br>2014-370<br><br>**DEFENDANT WESTERN MONTANA MENTAL HEALTH CENTER'S ANSWER TO AMENDED COMPLAINT, AND DEMAND FOR JURY TRIAL** |

Defendant Western Montana Mental Health Center (hereinafter, "WMMHC") answers Plaintiffs' Complaint/Amended Complaint as follows:

1. WMMHC admits Paragraph 1 as to the residence of Kristina Keys. WMMHC admits that it provided health services and medical treatment to Plaintiff Kristina Keys in the past. WMMHC denies that she was a patient with WMMHC at all relevant times. WMMHC is without sufficient information to admit or deny the allegations regarding John Jewell and

Defendant Western Montana Mental Health Center's Answer To Amended
Complaint, and Demand for Jury Trial                                          Page 1
*Keys, et al. v. WMMHC*                                                    141020.jd

therefore denies the same.

2. WMMHC admits that it is a Montana Non-Profit corporation with its principal business office in Missoula, Montana. WMMHC further admits that it provides services to people in Silver Bow, Deer Lodge, Powell, and Missoula counties as well as other counties in Western Montana.

3. WMMHC is without sufficient knowledge to admit or deny Paragraph 3 as to Community Counseling and Correctional Services, Inc.

4. WMMHC is not in a position to admit or deny any allegations regarding a John Smith 1, where Plaintiffs apparently is aware of the identity of the individual but has not legally identified the individual in the pleadings. WMMHC will amend its responses regarding John Smith 1 when that individual has been legally identified.

5. Paragraph 5 is a preservation of claims against fictitious defendants and does not require an answer.

6. Defendant WMMHC admits that the Department of Corrections is a political subdivision of the State of Montana. Defendant WMMHC is without sufficient information to admit or deny the remaining allegations of Paragraph 6 and therefore denies the same.

7. WMMHC denies the allegations of Paragraph 7, 8, 9, 10, 11, and 12.

8. Paragraph 13, is not directed at and requires no response from Defendant WMMHC.

9. Paragraph 14 is a statement of intent to restate prior allegations to which no

Defendant Western Montana Mental Health Center's Answer To Amended
Complaint, and Demand for Jury Trial                                    Page 2
*Keys, et al. v. WMMHC*                                                 141020.jd

response is required. To the extent a response is required; WMMHC reasserts its responses to Paragraphs 1 through 13 as if fully set forth herein.

10. WMMHC denies the allegations of Paragraph 15 and 16.

11. Paragraph 17 is a statement of intent to restate prior allegations to which no response is required. To the extent a response is required; WMMHC reasserts its responses to Paragraphs 1 through 16 as if fully set forth herein.

12. WMMHC denies the allegations of Paragraphs 18 and 19.

13. Paragraph 20 is a statement of intent to restate prior allegations to which no response is required. To the extent a response is required; WMMHC reasserts its responses to Paragraphs 1 through 19 as if fully set forth herein.

14. WMMHC denies the allegations of Paragraph 21, 22, 23, and 24.

15. Paragraph 25 is a statement of intent to restate prior allegations to which no response is required. To the extent a response is required; WMMHC reasserts its responses to Paragraphs 1 through 24 as if fully set forth herein.

16. In answer to Paragraph 26, WMMHC admits it provides case management services to certain clients. WMMHC denies it provided case management services to Kristina Keys.

17. In answer to Paragraph 27, WMMHC admits that paragraph 27 paraphrases WMMHC's mission statement, but denies the allegations of paragraph 27 as stated.

18. WMMHC denies the allegations of Paragraphs 28, 29, and 30.

Defendant Western Montana Mental Health Center's Answer To Amended Complaint, and Demand for Jury Trial
*Keys, et al. v. WMMHC*
Page 3
141020.jd

**19.** Paragraph 31 is a statement of intent to restate prior allegations to which no response is required. To the extent a response is required; WMMHC reasserts its responses to Paragraphs 1 through 30 as if fully set forth herein.

**20.** Paragraphs 32 and 33 are not directed at and require no response from Defendant WMMHC.

**21.** Defendant WMMHC denies the allegations of Paragraphs 34 and 35.

**22.** Paragraph 36 is a statement of intent to restate prior allegations to which no response is required. To the extent a response is required; WMMHC reasserts its responses to Paragraphs 1 through 35 as if fully set forth herein.

**23.** Paragraphs 37, 38, 39, and 40 are not directed at and require no response from Defendant WMMHC.

**24.** Paragraph 41 is a statement of intent to restate prior allegations to which no response is required. To the extent a response is required; WMMHC reasserts its responses to Paragraphs 1 through 40 as if fully set forth herein.

**25.** Defendant WMMHC denies the allegations of Paragraph 42.

**26.** Defendant WMMHC is without sufficient information to admit or deny the allegations of Paragraph 43.

**27.** Paragraphs 44, 45, and 46 are not directed at and require no response from Defendant WMMHC

**28.** Defendant WMMHC denies all allegations not specifically admitted herein.

Defendant Western Montana Mental Health Center's Answer To Amended Complaint, and Demand for Jury Trial
*Keys, et al. v. WMMHC*
Page 4
141020.jd

# AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim against this answering Defendant upon which relief can be granted.

2. Defendant WMMHC asserts that its care and treatment comported with the standard of care.

3. Any injuries and damages complained of by Plaintiffs were not proximately caused in whole or in part by the acts or omissions of Defendant WMMHC.

4. The injuries and damages complained of were caused in whole or in part by the acts or omissions of persons other than Defendant WMMC and, therefore, recovery is precluded or proportionately diminished, as provided by Mont. Code Ann. §§ 27-1-702 and 27-1-703.

5. Assuming, but not admitting, that Plaintiffs' allegations regarding John Smith 1 are true, then, Plaintiffs' damages and injuries were caused by the unforeseeable, intervening, superseding, intentional or criminal misconduct of John Smith 1.

6. To the extent that Plaintiffs' claimed injuries were caused or contributed to by the unforeseeable intervening conduct of others, Plaintiffs' claims may be barred or reduced accordingly.

7. To the extent that the evidence suggests Plaintiffs' claimed injuries may have been caused or contributed to by Plaintiffs' contributory negligence or failure to mitigate, Plaintiffs' claims may be barred or reduced accordingly.

Defendant Western Montana Mental Health Center's Answer To Amended Complaint, and Demand for Jury Trial
*Keys, et al. v. WMMHC*
Page 5
141020.jd

8. Defendant WMMHC is entitled to contribution from any party, non-party or settled party whose negligence may have contributed as a proximate cause to the injury complained of in the Complaint, under the provisions of the Montana Code Annotated § 27-1-703.

9. The alleged incidents, and any resulting injuries or damages sustained or suffered by Plaintiffs on the occasions alleged in the Complaint may have been proximately caused by the acts and conduct of persons or entities other than WMMHC, and such conduct was the independent, intervening cause, and therefore the sole proximate and legal cause of any such injuries or damages.

10. The damages suffered by the Plaintiffs, if any, should be reduced by any and all amounts received from any collateral source, under the provisions of the Montana Code Annotated § 27-1-308.

11. Any recovery by Plaintiffs for past and future non-economic damages may not exceed $250,000.00, in accordance with the Montana Code Annotated § 25-9-411.

12. Any award of future damages in excess of $50,000.00 may be subject to the periodic payment provisions of the Montana Code Annotated § 25-9-412.

13. Defendant WMMHC adopts by reference any other affirmative defenses raised by other Defendants.

14. Defendant WMMHC raised these affirmative defenses in this answer so they will not be waived. Pretrial investigation may disclose that some of the defenses raised may not

Defendant Western Montana Mental Health Center's Answer To Amended Complaint, and Demand for Jury Trial
*Keys, et al. v. WMMHC*
Page 6
141020.jd

apply. Prior to trial, Defendant WMMHC will dismiss any affirmative defenses which do not appear to be necessary or applicable.

15. Defendant WMMHC alleges that it has not completed discovery in this case and reserves the right to amend this answer and to remove, and/or add additional, affirmative defenses once discovery is completed.

## RELIEF SOUGHT

WHEREFORE, Defendant WMMHC requests the Court to grant the following relief:

1. Dismiss Plaintiffs' Complaint with prejudice.
2. Award the Defendant WMMHC its costs.
3. For such other relief as the Court deems proper.

## JURY DEMAND

Defendant WMMHC hereby demands a trial by jury of all issues of fact raised herein.

DATED this __20th__ day of __October__, 2014.

WILLIAMS LAW FIRM, P.C.
235 E. Pine, P.O. Box 9440
Missoula, Montana 59807-9440
(406) 721-4350  Fax 721-6037
Attorneys for Defendants

By _____
Susan Moriarity Miltko

Defendant Western Montana Mental Health Center's Answer To Amended
Complaint, and Demand for Jury Trial                              Page 7
*Keys, et al. v. WMMHC*                                        141020.jd

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October, 2014, a copy of the foregoing was served upon the following by Mail, Express Mail, Hand-Delivery, Fax, or Federal Express:

| | |
|---|---|
| JAMES P. O'BRIEN, ESQ.<br>O'BRIEN LAW OFFICE, P.C.<br>500 N. HIGGINS, SUITE 200<br>P.O. BOX 7936<br>MISSOULA, MT 59807-7936<br>(406) 721-0660 Fax: (406) 721-0664<br>*Attorney for Plaintiff Keys* | [X] U.S. MAIL<br>[ ] EXPRESS MAIL<br>[ ] HAND-DELIVERY<br>[ ] FAX<br>[ ] FEDERAL EXPRESS |
| DOUGLAS D. HARRIS, ESQ.<br>DOUGLAS HARRIS LAW OFFICES<br>322 WEST SPRUCE STREET<br>P.O. BOX 7937<br>MISSOULA, MT 59807-7937<br>(406) 549-5176 FAX: 549-5177<br>*Attorney for Plaintiff Keys* | [X] U.S. MAIL<br>[ ] EXPRESS MAIL<br>[ ] HAND-DELIVERY<br>[ ] FAX<br>[ ] FEDERAL EXPRESS |
| JEFFREY W. DAHOOD, ESQ.<br>KNIGHT & DAHOOD<br>113 EAST THIRD STREET<br>P.O. BOX 727<br>ANACONDA, MONTANA 59711-0727<br>(406) 563-3424 OR 3425 FAX: (406) 563-7519<br>*Attorney for Plaintiff Jewell* | [X] U.S. MAIL<br>[ ] EXPRESS MAIL<br>[ ] HAND-DELIVERY<br>[ ] FAX<br>[ ] FEDERAL EXPRESS |

_____
Jesse DiTommaso, Secretary

Defendant Western Montana Mental Health Center's Answer To Amended Complaint, and Demand for Jury Trial
*Keys, et al. v. WMMHC*

Page 8
141020.jd